UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TWDARRYL TONEY**                                                      **CIVIL ACTION**

**VERSUS**                                                                    **NO. 15-933**

**ROBERT TANNER**                                                    **SECTION "N"(3)**

## REPORT AND RECOMMENDATION

Petitioner, Twdarryl Toney, was convicted of manslaughter under Louisiana law and sentenced as a second offender to a term of forty years imprisonment. State v. Toney, No. 2008-KA-0853, 2009 WL 282735 (La. App. 4th Cir. Jan. 28, 2009). He recently submitted to this Court a completed form intended for use by state prisoners seeking federal *habeas corpus* relief under 28 U.S.C. § 2254. In pertinent part, that statute provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Despite his use of the § 2254 form, petitioner does not appear to be seeking federal *habeas corpus* relief, in that he does expressly challenge the validity of either his conviction or sentence. Rather, he has written the words "Writ of Mandamus" across the first page of his filing, and he appears to be requesting only that this Court direct state court officials to order that he be provided

with a copy of the grand jury transcript from his state criminal prosecution. However, it is clearly established that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973); accord Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383, 384 (5th Cir. 1971); Taylor v. Louisiana State Supreme Court, Civ. Action No. 02-2168, 2002 WL 1905889 (E.D. La. Aug. 16, 2002) (Vance, J.); Norman v. Louisiana Supreme Court, Civ. Action No. 01-2225, 2001 WL 881298, *1 (E.D. La. Aug. 3, 2001) (Duval, J.).

Here, the only relief petitioner seeks is an order from this Court directing state court officials to order the state to provide him with a copy of the grand jury transcript. Because the Court cannot grant the relief petitioner seeks, the Writ of Mandamus should be dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B). Taylor, 2002 WL 1905889, at *1; Norman, 2001 WL 881298, *1

## **RECOMMENDATION**

It is therefore **RECOMMENDED** the Writ of Mandamus be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this sixteenth day of June, 2015.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.